**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CBC INDUSTRIES, INC. d/b/a
AMERICAN DRILL BUSHINGS, INC.**,

    Plaintiff(s),    **CASE NUMBER: 06-13342
                  HONORABLE VICTORIA A. ROBERTS**

v.

**THE CROSBY GROUP, INC.**,

    Defendant(s).
_____/

**ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant's "Motion for Summary Judgment on Count I (Patent Infringement) of the Amended Complaint." (Doc. #27). Defendant The Crosby Group, Inc. ("Defendant") says it is entitled to summary judgment because there is no genuine issue of material fact that it did not infringe on Plaintiff CBC Industries, Inc.'s ("Plaintiff") patent.

For the following reasons, Defendant's motion is **DENIED**.

**II. BACKGROUND**

Plaintiff filed suit against Defendant for its alleged infringement of a patent to which it has exclusive license – U.S. Patent No. 5,848,815 (the "'815 patent"). The '815 patent is entitled "Safety Hoist Ring." It was invented as a new way to secure pivot pins within a safety swivel hoist ring to allow the user to lift heavy loads. Although the patent

1

specification has three claims, only the limitation common to claims one and three is in issue.

## III. ARGUMENTS AND ANALYSIS

An infringement analysis entails two steps. The first step is to determine the meaning and scope of the patent claims. The second step is to determine if the disputed device infringes one or more of the patent claims. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (citation omitted).

### A. Claim Construction - First Step

Claim construction and interpretation define the scope of the patentee's rights under the patent and must be decided as a matter of law by the Court. *Id.* at 970-71. It is "simply a way of elaborating the normally terse claim language: in order to understand and explain, but not to change the scope of the claims." *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir. 1991).

When construing the meaning of claims, the Court must begin by focusing on intrinsic evidence – the words of the claims themselves, the remainder of the specification, and the prosecution history. Next, "[t]he court may, in its discretion, receive extrinsic evidence in order 'to aid the court in coming to a correct conclusion' as to the 'true meaning of the language employed' in the patent." *Markman*, 52 F.3d at 980 (quoting *Seymour v. Osborne*, 78 U.S. 516, 546 (1871)). Extrinsic evidence includes expert and inventor testimony, dictionaries, and learned treatises. *Markman*, 52 F.3d at 980.

Claims one and three of the '815 patent specification contain the following limitation that must be construed: the "Safety Hoist Ring" contains "solid pivot pin elements including *a groove extending circumferentially* adjacent the free end thereof" (emphasis added). The issue is the meaning of "circumferentially."

Plaintiff says "circumferentially" means "of, at, or near the circumference," and that the groove can extend along a portion of the pivot pin's circumference or along its entire circumference. Further, Plaintiff says this would include an annular (encircling) groove or the groove of Defendant's product, which is located on the circumference of the pivot pins. Defendant says "circumferentially" means "encircling." The Court agrees with Plaintiff.

The words themselves suggest the conclusion that "circumferentially" means "of, at, or near the circumference," because if the Court used Defendant's definition, "extending" would be eliminated from the claim limitation. This would change its meaning: "a groove . . . *encircling* adjacent the free end thereof." Conversely, Plaintiff's interpretation gives meaning to all of the words in the claim limitation: "a groove extending of, at, or near the *circumference* adjacent the free end thereof."

The Court may also look to the '815 patent specification to determine the meaning of the claim language. While "circumferentially" is only used in the claim section, the specification uses the word "annular" to describe the groove: "Annular grooves . . . in the respective shoulder pins adjacent the free ends thereof accommodate the respective solid dowel elements." Defendant says an "annular groove" is one that encircles, and "annular groove" is synonymous with "a groove extending circumferentially." Plaintiff disagrees. It says it would have used "annular

3

groove" in the claim limitation instead of "a groove extending circumferentially" if it required the "Safety Hoist Ring" to have an annular groove.  Plaintiff also says it chose to disclose the annular groove on the pivot pins of the hoist ring in the specification because it was an expeditious and conventional way of manufacturing a pin with a groove at the circumference.  According to Plaintiff, the annular groove is its preferred embodiment, but argues the broader language used to describe the groove in the claim section encompasses an annular groove and any other groove that extends at least a portion of the circumference.  Plaintiff says it chose this approach so that it would not be limited to an annular groove.  This argument is persuasive.

Limitations cannot be read from the specification into the claim.  "For instance, although the specification often describes very specific embodiments of the invention, [courts are] warned against confining the claims to those embodiments."  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005) (citations omitted).  A patent may only describe a single embodiment, but the claims of the patent do not have to be construed as limited to that embodiment.  *Id.* (citing *Gemstar-TV Guide Int'l Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1366 (Fed. Cir. 2004)).  Hence, the Court cannot interpret "a groove extending circumferentially" to mean an "annular groove" simply because the groove was described as annular in the specification.

The Court next looks to the prosecution history, but finds it is not helpful in defining the claim language.  "The purpose of consulting the prosecution history in construing a claim is to 'exclude any interpretation that was disclaimed during prosecution.'"  *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1384 (Fed. Cir. 2005) (quoting *ZMI Corp. v. Cardiac Resciscitator Corp.*, 844 F.2d 1576, 1580 (Fed. Cir.

4

1988)). "[W]here the patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of prosecution disclaimer attaches and narrows the ordinary meaning of the claim congruent with the scope of the surrender." *Omega Eng'g, Inc. v. Rayter Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003).

When the Patent and Trademarks Office initially rejected Plaintiff's patent application on the ground of obviousness in light of a prior patent, Plaintiff amended its claim. In doing so, it did not exclude or disavow any interpretation of "a groove extending circumferentially."

Finally, the Court reviews extrinsic evidence. Defendant submitted a definition of "circumferential" from Webster's Third New International Dictionary that says "circumferential" means "encircling." Plaintiff's definition from the Random House Dictionary of the English Language defines "circumferential" as "of, at, or near the circumference; surrounding; lying along the outskirts." Defendant says Plaintiff must concede non-infringement if the Court adopts the definition from the Random House Dictionary because "surrounding" and "lying around the outskirts" support its interpretation.

The intrinsic evidence leads to the conclusion that "encircling" is not the ordinary and customary meaning of "circumferentially." Because "intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language," *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996), the Court declines to adopt Defendant's definition. The Court also declines to adopt Plaintiff's definition in its entirety. The Random Dictionary, "by [its] nature, provide[s] an expansive array of definitions." *Phillips*, 415 F.3d at 1321. These multiple definitions for the disputed term

extends its meaning beyond the understanding of the patentee. *Id.* at 1321-22. For that reason, the Court does not find these definitions to be helpful to the interpretation of "a groove extending circumferentially." *See id.*

Defendant submitted the expert report of Harold Josephs, P.E., PhD. Mr. Josephs concluded that "circumferential" is equated with "annular." However, the Court discounts this conclusion because it is at odds with the intrinsic evidence. *See id.* at 1318.

Plaintiff submitted U.S. Patent No. 4,464,812, a "Socket for Structural Strand" invented by Defendant. Its specification includes the term "circumferential": "the bulbous head includes a plurality of circumferential grooves . . . about a major portion of the outer part of the bulbous member." As shown in the illustration, the "circumferential grooves" Defendant refers to do not "encircle" the bulb; rather they are grooves along its circumference. This further supports the Court's conclusion that the ordinary and customary meaning of "circumferentially" is "of, at, or near the circumference."

**B. Patent Infringement - Second Step**

The second step in the process is to compare Plaintiff's "Safety Hoist Ring" to Defendant's safety hoist rings to determine if Defendant infringes the '815 patent. "To infringe a claim, each claim limitation must be present in the accused product, literally or equivalently." *Dawn Equipment Co. v. Kentucky Farms Inc.*, 140 F.3d 1009, 1014 (Fed. Cir. 1998) (citing *Sofamor Danek Group, Inc. v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1220 (Fed. Cir. 1996)). The parties agree that Plaintiff's patent infringement claim hinges on the meaning of "circumferentially."

Defendant says it did not literally infringe upon the '815 patent because its safety

6

hoist rings use a "chordal notch" that only slits the pivot pin; not a circumferential groove that "encircles" the pin. Plaintiff says Defendant infringed by inventing safety hoist rings that contain a pivot pin with a groove located at or near the pin's circumference.

The illustration of Defendant's safety hoist rings contained in its brief shows the groove on Defendant's safety hoist rings is located "of, at, or near the circumference" of the pivot pin. The Court finds a literal infringement of Plaintiff's '815 patent.

Because the Court finds Defendant literally infringed Plaintiff's '815 patent, a discussion of the doctrine of equivalence is unnecessary.

## IV.  CONCLUSION

Defendant's motion is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 14, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 14, 2008.

s/Linda Vertriest
Deputy Clerk